**TIPISONE MANU AOELUA, Claimant**

**v.**

**FOLAU I'AULUALO, MATAIUMU SIOFAGA, and NAIULI L. MA'ILEOI, Objectors**

**In the matter of the Matai Title "I'AULUALO"**

High Court of American Samoa
Land and Titles Division

MT No. 02-92
January 26, 1994

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, VAIVAO, Associate Judge, LOGOAI, Associate Judge, and BETHAM, Associate Judge.

Counsel:      For Claimant, Asaua Fuimaono
For Objector Folau I'aulualo, Aviata F. Fa'alevao
For Objector Mataiumu Siofaga, Gata E. Gurr
For Objector Naiuli L. Ma'ileoi, Afoa L.S. Lutu

Order on Motion to Dismiss:

Tipisone Manu Aoelua filed with the Territorial Register his claim to succession to the matai title I'aulualo of the village of Afono. His claim

was objected to by Folau I'aulualo, Mataiumu Siofaga and Naiuli L. Ma'ileoi, who each filed his respective counterclaim to succession. Following the requisite hearings before the Office of Samoan Affairs, the Secretary of Samoan Affairs certified an irreconcilable dispute to the court in accordance with the provisions of A.S.C.A. § 43.0302. This matter accordingly came on regularly for trial on December 29, 1993.

Prior to trial, candidates Tipisone Manu Aoelua and Naiuli L. Ma'ileoi withdrew their respective claims to succession. That left the two remaining candidates, Mataiumu Siofaga (hereinafter "Mataiumu") and Folau I'aulualo (hereinafter "Folau"). Mataiumu moved at the outset to dismiss Folau's succession claim on the grounds that the latter's objection and counterclaim did not comply with the requirements of A.S.C.A. § 1.0407.1[1] At the conclusion of Mataiumu's case, Folau moved for the dismissal of his rival's claim to succession on the grounds that Mataiumu was not "born on American soil" and therefore did not meet all of the eligibility requirements for matai-title succession as set out in A.S.C.A. § 1.0403.[2] The motions are here addressed.

---

[1] A.S.C.A. § 1.0407 provides in pertinent part:

. . .

(b) A counterclaim or objection [to succession to a matai title] must be supported by a petition signed by no less than 25 persons related by blood to the title in question. The petitioners must be at least 18 years of age and residents of American Samoa at the time the petition is filed.

. . .

(d) In the event the family does not have the number of members qualified as required to support the counterclaim or objection, the counter-claimant or objector shall so state in a signed affidavit.

[2] A.S.C.A. § 1.0403 provides in pertinent part:
A person not possessing all of the following qualifications is ineligible to succeed to a matai title:

. . .

(b) He must have been born on American soil; provided that a person born of parents who were inhabitants of American Samoa, but temporarily residing outside of American Samoa or engaged in foreign travel, at the date of birth of such child, may, for the purposes of this subsection, be considered as having been born on American soil if:
(1)     While actually residing in American Samoa, and at anytime within one year after he attains the age of 18 years, he files with the territorial registrar a renunciation, under oath, of allegiance to the country of his birth; or
(2)     he has resided in American Samoa for a continuous period of not less than 10 years prior to the time of filing his application to be

## I. Motion to Dismiss Folau's Succession Claim

Contrary to the requirements of A.S.C.A. § 1.0407(b), Folau's counterclaim or objection only contained ten supporting signatures, as opposed to the mandated twenty-five. Also, contrary to the affidavit which he executed before the Territorial Registrar, Folau conceded that the Iʻaulualo family had more than twenty-five members who are qualified petitioners. He explained, however, that the affidavit which he had executed was something which was prepared and presented to him for signature by the Territorial Registrar's office without his being clear on the document's significance. He explained the inadequate number of supporting signatures on his objection and counterclaim as the result of his not having sufficient time to gather the required signatures. He testified that he was off-island when Tipisone Manu Aoelua had offered the title for registration and that by the time he had returned and decided to object, the sixty-day statutory period for the filing of objections, as required by A.S.C.A. § 1.0407, had almost expired. The ten signatures were all that he could manage.

■ The statute clearly requires at least twenty-five qualified, supporting family signatories to an objection or counterclaim to matai-title succession.[3] The exception to this legislative requirement is the small family that has less than twenty-five qualified members. The Iʻaulualo family of Afono does not come within the exception. Folau's counterclaim to the matai title Iʻaulualo is not sufficiently supported under A.S.C.A. § 1.407(b) and should, therefore, be dismissed. The motion is granted.

## II. Motion to Dismiss Mataiumu's Succession Claim

While Mataiumu admits that he was born in Faleasiʻu, Western Samoa, he argues that he is otherwise qualified for matai succession. He claims that he may be considered as having been born on American soil under

---

registered as the holder of a matai title.

[3] Among other things, the Legislature is attempting to ensure that the family is not totally displaced from the matai-selection process by a mere handful of family members seeking access to the courts in the first instance. Thus, the Fono has, in effect, said that at least twenty-five or more qualified family members constitutes a serious enough contention within a family to warrant access to the judicial process. Counsel's argument that this legislative requirement is only a "formality" that should not affect the validity of his client's objection is not convincing.

the provisions of A.S.C.A. § 1.0403(b)(2), since he has lived in the territory for a period in excess of ten years preceding the filing of his claim. Additionally, Mataiumu points out that he is now a naturalized United States national, as a result of the recent federal "one-parent" law, 8 U.S.C. § 1408(4).

■ We find that Mataiumu has indeed lived in American Samoa for a continuous period in excess of ten years preceding the filing of his claim. However, in addition to this residency requirement, the statute also requires that Mataiumu's parents have been "inhabitants" of American Samoa who were either traveling or residing *temporarily* outside of American Samoa at the time of their son's birth.

The evidence did not establish this latter requirement. If anything, it tended to show that Mataiumu's parents were not, at the time of his birth, "inhabitants" of American Samoa but of Western Samoa. Mataiumu's testimony reveals that while his father was an American Samoan, his mother's village was Faleasi'u, Western Samoa. This was also the place of his birth, which occurred in 1930. He first visited American Samoa when he was 27 years of age and moved permanently to the territory in 1966, when he would have been 36 years of age. In 1979, he went to live in Afono.

■ The fact that Mataiumu was born and raised in Western Samoa strongly suggests, without anything further, that his parents were not just living there on a transitory, short-term basis *at the time of his birth*. At the same time, no evidence was presented from which it may be reasonably concluded that his parent's stay in Western Samoa was otherwise than indefinite and long-term. Contrary to Mataiumu's argument, "*temporarily* residing outside of American Samoa" connotes a short time, or at least having a definite intention to return. Here, unlike Mataiumu's "missionary" hypothetical, his parents appear to have intended to stay in Western Samoa indefinitely.[4]

■ The crux of Mataiumu's argument is that being a U.S. national from American Samoa is equivalent to being an "inhabitant" of American Samoa. However, this does not necessarily follow, since the place where one lives may be different than the place of one's legal nationality. Also, for a court to construe "inhabitant" as different than "national" is not

---

[4] His post-trial brief in response to the motion to dismiss states that "Siofaga [Mataiumu's father] spent much of his life in Western Samoa, but returned home to Vatia where he died in 1961 and is buried on family land in said village."

119

"absurd and discriminatory." The territorial legislature appears to have been more concerned with a candidate's having a certain level of connection with the territory than with his legal nationality.[5] Likewise, no conflict with federal law exists. Contrary to Mataiumu's position, 8 U.S.C. § 1408(4) does not operate so that he "is considered to have been born on American soil" (or state that any U.S. national may succeed to a matai title), but rather defines a person who is a U.S. national but not a U.S. citizen.

On the foregoing, we conclude that Mataiumu is not eligible to matai succession under A.S.C.A. § 1.0403. Therefore, the motion is granted, and the claim of Mataiumu Siofaga is also dismissed.

Accordingly, the matter of the selection of a titleholder to the matai title I'aulualo of the village of Afono is remanded to the I'aulualo family.

It is so ordered.

VAIVAO J., with whom BETHAM J. joins, concurring:

I concur with the court's decision and its interpretation of A.S.C.A. § 1.0403. However, if an avowed purpose of the law is the preservation of Samoan customs and traditions, then I have serious reservations with a statute that effectively disenfranchises a blood heir of American Samoan ancestry to a matai title simply because he was not born on American soil. If, as the court has said, the legislative purpose behind A.S.C.A. § 1.0403 is to ensure that a matai have some "level of connection" to the territory, then that legislative purpose would, in my view, be equally achieved by merely imposing a lengthy residency requirement, such as is provided by A.S.C.A. § 1.0403b(2). I fail to see how the additional element of temporal off-island status of one's parents at the time of one's birth enhances or promotes the *fa'a Samoa* in any significant way. If anything, the seemingly needless disqualification of a blood heir from his family's matai title would seem to run counter to the *fa'a Samoa*. I respectfully submit that it may be timely for the Fono to reevaluate A.S.C.A. § 1.0403.

---

[5] *Cf.* A.S.C.A. § 1.0404(a) (requiring one calendar-year's residency "immediately preceding the date of the claim or objection"); A.S.C.A. § 1.0412(a) (absence of one year from the territory may constitute grounds for removal of the matai upon petition of any member of the family).